UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LASHAWNA LASHAE WILLIAMS,

Plaintiff,

v.

PACIFIC MARITIME ASSOCIATION, et al.,

Defendants.

Case No. 25-cv-09548-JST

**ORDER GRANTING MOTION TO DISMISS**

Re: ECF No. 17

Before the Court is Defendants' motion to dismiss or, in the alternative, motion to stay and transfer. ECF No. 17. The motion was filed while this case was pending before a different judge, and the motion to transfer is now moot following reassignment of the case to this Court. ECF No. 19. The Court will grant the motion to dismiss under the first-to-file rule without reaching the parties' arguments regarding abstention under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

## I.   JURISDICTION

The parties agree that the Court has jurisdiction under 28 U.S.C. § 1332(d)(2).

## II.   LEGAL STANDARD

The first-to-file rule "allows a district court to transfer, stay, or dismiss an action when a similar complaint has been filed in another federal court." *Alltrade, Inc. v. Uniweld Prods. Inc.*, 946 F.2d 622, 623 (9th Cir. 1991). To determine whether to apply the rule, "a court analyzes three factors: chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Kohn L. Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). The rule "is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95

(9th Cir. 1982).  "The circumstances under which an exception to the first-to-file rule typically will be made include bad faith, anticipatory suit, and forum shopping."  *Alltrade*, 946 F.2d at 628 (citations omitted).  In addition, "fairness considerations and equitable concerns could bar the application of the rule," as could "demonstrations of prejudice."  *Adoma v. Univ. of Phx., Inc.*, 711 F. Supp. 2d 1142, 1149 (E.D. Cal. 2010).

## III.　DISCUSSION

The parties agree that there is substantial overlap between this case and an earlier-filed case pending before this Court, *Phillips v. Pacific Maritime Association*, Case No. 25-cv-3241. Plaintiff Lashwana Lashae Williams argues that the Court should nonetheless decline to apply the first-to-file rule because the parties and issues are not sufficiently identical and because the balance of equities weighs against application of the rule.  The Court addresses each set of arguments in turn below.

### A.　Similarity of the Parties

First, Williams argues that her inclusion of two Defendants not named in *Phillips*—Matson Terminals and SSA Marine—renders the first-to-file rule inapplicable.  However, "the first-to-file rule requires only substantial similarity of the parties" and not the "exact identity of the parties." *Kohn*, 787 F.3d at 1240.  As Williams does not dispute, and as confirmed by the Court's comparison of the complaints in the two cases, this case and *Phillips* involve over 25 overlapping defendants and virtually identical class definitions.  *Compare* ECF No. 1 at 24–46 *with Phillips*, ECF No. 30.  In addition, although *Phillips* does not list SSA Marine as a Defendant, this "seems to be an error," as the amended complaint in *Phillips* alleges that "Pacific Maritime Association's Board of Directors is composed of executives from these other Member Companies including, but not limited to *Defendant SSA Marine*."  *McColley v. Pac. Mar. Ass'n*, No. 3:25-CV-2372-GPC-MSB, 2026 WL 97995, at *3 n.4 (S.D. Cal. Jan. 13, 2026); *Phillips*, ECF No. 30 ¶ 35 (emphasis added).  Moreover, Williams does not explain why the inclusion of either of these two Defendants makes the parties not substantially similar when *Phillips* names as Defendants two apparently affiliated entities, Matson Navigation Company, Inc., and SSA Terminals, LLC.  She argues that the two (or perhaps one) non-overlapping Defendants "worked across multiple California ports

United States District Court
Northern District of California

which implicates factual and logistical considerations not present in the *Phillips* action," ECF No. 24 at 9, but *Phillips* also concerns "workers across multiple California ports," *Phillips*, ECF No. 30 ¶ 33.  Having reviewed the complaints in both cases, the Court concludes that the parties are more than substantially similar.

### B.     Similarity of the Issues

Second, Williams argues that the complaint in this case includes three causes of action not asserted in *Phillips*: "(1) failure to timely pay wages during employment under Labor Code section 204; (2) failure to maintain required records under Labor Code section [sic] 226 and 1174, and IWC Wage Order No. 9-2001, section 7; and (3) failure to pay reporting time pay under IWC Wage Order No. 9-2001, section 5."  ECF No. 24 at 10.  However, although the *Phillips* complaint does not contain separate claims for failure to timely pay wages or failure to pay reporting time, it includes allegations that Defendants "failed to timely pay wages," *Phillips*, ECF No. 30 ¶ 81, and "failed to correctly calculate . . . reporting time wages owed to [the plaintiffs]," *id.* ¶ 68.  In addition, Williams's claim regarding failure to maintain required records overlaps with the claim in both cases regarding the accuracy of itemized wage statements under California Labor Code Section 226, and Williams concedes that "the claim for failure to maintain required records may be viewed as derivative claim."  ECF No. 24 at 10.  Thus, this case does not present any issues that are beyond those in *Phillips*.

Even if there were additional issues in this case, "[t]he issues in both cases . . . need not be identical, only substantially similar," for the first-to-file rule to apply.  *Kohn*, 787 F.3d at 1240.  "To determine whether two suits involve substantially similar issues, [courts] look at whether there is substantial overlap between the two suits."  *Id.* at 1241 (citation modified).  There is no question that substantial overlap exists between the issues in these two cases.  Williams does not dispute that both cases allege claims against a list of nearly identical defendants for unfair competition; failure to pay minimum wages; failure to pay overtime compensation; failure to provide meal periods; failure to provide rest periods; failure to provide accurate, itemized wage statements; and failure to reimburse business expenses.

United States District Court
Northern District of California

United States District Court
Northern District of California

### C.      Balance of Equities

Finally, the Court considers Williams's arguments regarding the balance of equities. Williams does not suggest that there is any bad faith or forum shopping present here, nor does she argue that one suit was brought in anticipation of the other.  *See Alltrade*, 946 F.2d at 628 (listing reasons for which courts have declined to apply the first-to-file rule).  Instead, she argues that the Court should allow both cases to proceed because this case includes claims that do not overlap with *Phillips*.  As discussed above, however, the Court concludes that this case does not present any issues beyond those raised in *Phillips*.

Williams's reliance on *Adoma*, 711 F. Supp. 2d at 1150, is misplaced.  In that case, the court concluded that the equities "tip[ped] in favor of an exception to the first-to-file rule" because the second-filed case included claims under California state law, whereas the first-filed case involved only the federal Fair Labor Standards Act ("FLSA"), and because "unlike in a class action where the statute of limitations is tolled while a plaintiff seeks certification, the rights [of] members of a proposed collective action [under FLSA] are not so protected." *Id.*  These concerns are not present here, where both this case and *Phillips* are putative class actions and there are no distinct issues between the cases.  Williams has shown no prejudice in applying the first-to-file rule.

### D.      Dismissal or Stay

Because the Court finds it appropriate to apply the first-to-file rule, it must determine whether to dismiss or stay the case.  Williams argues that the first-to-file rule should not apply, but she makes no arguments in favor of a stay over dismissal if the Court were to apply the rule.  As another court concluded when dismissing a similar case rather than transferring it to this Court, "the *Phillips* action fully encompasses and provides redress for all allegations in this action.  Thus, the Court concludes that dismissal best promotes efficiency in this case." *McColley*, 2026 WL 97995, at *7.  This Court reaches the same conclusion and finds no reason to stay rather than dismiss this duplicative case.

/ / /

/ / /

4

United States District Court
Northern District of California

## CONCLUSION

For the above reasons, the Court grants Defendants' motion to dismiss under the first-to-file rule.  The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated:  February 23, 2026



JON S. TIGAR
United States District Judge